UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS A. OAKES, III, OAKES FARMS,
INC. and SEED TO TABLE, LLC,

      Plaintiffs,

v.                                  Case No.:  2:20-cv-568-FtM-38NPM

COLLIER COUNTY, ANDREW
SOLIS, BURT SAUNDERS and
PENNY TAYLOR,

      Defendants.

                                 /

## OPINION AND ORDER[1]

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiffs Francis A. Oakes, III, Seed to Table, LLC, and Oakes Farm, Inc. d/b/a Seed to Table.  (Doc. 17).  For the below reasons, the Court denies the motion to the extent that it requests a temporary restraining order ("TRO").  It otherwise reserves on the preliminary injunction request.

Defendant Collier County has enacted Emergency/Executive Order 2020-05 ("County Order") that requires certain businesses to mandate their employees and patrons wear face coverings while in their establishments.  Last month, Plaintiffs were cited for violating the County Order.  They have now sued, arguing the County Order is unconstitutional, void, and unenforceable.  (Doc. 1).  Defendants, who have each been served, must respond to the Complaint on or before September 23, 2020.  (Doc. 14; Doc.

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

15).  In the meantime, Plaintiffs have moved for a TRO.  (Doc. 17).  They seek an order enjoining Defendants from enforcing the County Order until this Court can address their companion request for a preliminary injunction.

A temporary restraining order is an "extraordinary and drastic remedy."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  The purpose of a temporary restraining order is to preserve the status quo so a court may hear a reasoned resolution of the dispute. Courts grant temporary restraining orders only if the movants establish (1) they have a substantial likelihood of success on the merits; (2) they will suffer irreparable injury without an injunction; (3) the injunction would not substantially harm the defendant; and (4) if issued, the inunction would not be adverse to public interest.  Here, the Court need not address these elements because the TRO request has too many procedural shortcomings to overlook.

Under Federal Rule of Civil Procedure 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  There is no such certification here.  Indeed, Plaintiffs' motion is devoid of any explanation for why ex parte relief is necessary.

That is not all.  Under Local Rule 4.05, courts enter TROs "only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a).  Plaintiffs do not argue this is an emergency matter—nor does the Court find it to be one.  Plaintiffs also seek the opposite of the status quo.  They want the Court to declare now—before hearing from Defendants—the County Order

unconstitutional and thus unenforceable.  Because this request changes the status quo, it is not amendable to a TRO.   Plaintiffs' arguments are best left for a preliminary injunction, which cannot issue until Defendants receive notice and a fair chance to present their objections.  *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

Plaintiffs' motion also defies Local Rule 4.05(b)(2), which requires a TRO to demonstrate that "injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. R. 4.05(b)(2).  Although Plaintiffs argue irreparable harm without a TRO, they stop there.  There is no showing of immediacy.  Finally, the motion contravenes Local Rule 4.05(b)(3)'s requirements that it address any necessary security for the injunction and come with a proposed temporary restraining order.

In conclusion, the Court denies Plaintiffs' request for a TRO and reserves ruling on a preliminary injunction until Defendants respond to both the Complaint and the motion.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED** to the extent that it requests a temporary restraining order.  The Court **RESERVES** ruling on the preliminary injunction request.

(2) The Clerk is **DIRECTED** to set a status conference with all parties on **September 4, 2020, at 10:00 a.m.**

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4