IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS A. OAKES, III, OAKES
FARMS, INC. d/b/a SEED TO TABLE,
and SEED TO TABLE, LLC,

    Plaintiffs,

v.

COLLIER COUNTY, a political
subdivision, ANDREW SOLIS, in his
official and individual capacities, BURT
SAUNDERS, in his official and individual
capacities, and PENNY TAYLOR in her
official and individual capacities.

    Defendants.
_____/

CASE NO. 2:20-CV-568
Civil Action

## DEFENDANT COLLIER COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER TO SHOW CAUSE AND CANCELLATION OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Defendant COLLIER COUNTY, by and through its undersigned counsel, in response to Plaintiffs' Motion for Reconsideration, and states as follows:

1. For the reasons set forth below, Defendant Collier County concurs with the entirety of the Court's Order to Show Cause (Doc. 39), including the scheduling Order.

2. On September 25, 2020, Governor DeSantis issued Executive Order 20-244. With respect to this matter, the relevant portion of the Governor's Order provides as follows:

> Section 4. Suspension of COVID-19-related Individual Fines and Penalties
>
> This order, consistent with Executive Order 20-92, suspends the collection of fines and penalties associated with COVID-19 enforced upon individuals.

3. With respect to Plaintiff Francis A. Oakes, as an individual the Executive Order effectively terminates the current, and any future, code enforcement proceedings arising out of Collier County's Mask Order (Doc. 33-3). Accordingly, the Governor's Executive Order fully moots this action with respect to Plaintiff Francis A. Oakes, including Plaintiffs' allegations that Collier County could institute criminal misdemeanor proceedings against him.

4. With respect to the corporate Plaintiffs, all that has happened is that Collier County code enforcement inspectors noted several violations of the Mask Order at Plaintiffs' two stores. No fine has been imposed. Chapter 162, *Florida Statutes*, governs Code Enforcement proceedings. Under Chapter 162, a code inspector initiates enforcement proceedings by notifying the violator of a code violation, giving the violator a reasonable time to correct the violation (§ 162.06, *Fla. Stat.*). Should the violator not comply, the code inspector notifies the enforcement board (Collier County utilizes both a Special Magistrate and a Code Enforcement Board for this purpose) and requests a hearing. The enforcement board then hears the matter under § 162.07, *Fla. Stat.*, and at that time has the power, among other powers, to issue a fine. A hearing date is expected to be scheduled no sooner than November.

5. The purpose of a temporary injunction is to preserve the status quo while final injunctive relief is sought. *Schiavo et. rel Schindler v. Schiavo,* 403 F. 3d 1223, 1229 (11th Cir. 2005) *citing Klay v. United Healthgroup, Inc.,* 376 F. 3d 1092, 1101 (11th Cir. 2004). Because of Governor DeSantis' Executive Order (which eliminates Plaintiffs' allegations of potential criminal proceedings in this matter) nothing further can or will happen from the County's standpoint until the matter is heard by the Special Magistrate in <u>November</u>. No further code enforcement citations will be issued against the Plaintiffs' two stores, as doing so would be both meaningless and pointless under the procedure set forth in Chapter 162 (which allows the

enforcement board to consider the matter a continuing violation dated from the first citation). The Order to Show Cause (Doc. 39) provides several dates in October for the parties to address the various issues in this action.

6.  Moreover, the Mask Order (Doc. 33-3) is currently scheduled to expire midnight, October 22, 2020 unless otherwise extended by the Board. Such expiration would thoroughly moot this suit.

Wherefore, Defendant Collier County fully concurs with the Court's Order to Show Cause (Doc. 39) dated September 29, 2020, and respectfully requests this Court deny Plaintiffs' Motion for Reconsideration of Order to Show Cause and Cancellation of Hearing on Motion for Preliminary Injunction (Doc.41).

Respectfully submitted,

*/s/Jeffrey A. Klatzkow*
Jeffrey A. Klatzkow
County Attorney
Florida Bar No. 644625
*/s/Colleen M. Greene*
Colleen M. Greene
Managing Assistant County Attorney
Florida Bar No. 502650
3299 East Tamiami Trail, Suite 800
Naples, Florida   34112
Telephone:  239-252-8400
Facsimile:  239-252-6300
Attorney for Defendant, Collier County
Jeff.klatzkow@colliercountyfl.gov
Colleen.greene@colliercountyfl.gov
Marian.rhyne@colliercountyfl.gov
Rosa.villarreal@colliercountyfl.gov

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing has been filed with the U.S. District Court, Middle District of Florida, via the CM/ECF portal, which will also serve a copy to all Counsel of Record, on this 30th day of September, 2020.

*/s/Jeffrey A. Klatzkow*
Jeffrey A. Klatzkow
County Attorney
Florida Bar No. 644625
*/s/Colleen M. Greene*
Colleen M. Greene
Managing Assistant County Attorney
Florida Bar No. 502650
