UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS A. OAKES, III, OAKES FARMS, INC. and SEED TO TABLE, LLC,

    Plaintiffs,

v.                                        Case No.:   2:20-cv-568-FtM-38NPM

COLLIER COUNTY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Plaintiffs' Motion for Reconsideration of Order to Show Cause and Cancellation of Hearing on Motion for Preliminary Injunction (Doc. 41) and Defendant Collier County's response in opposition (Doc. 43).

    Yesterday, the Court directed the parties to brief whether Governor Ron DeSantis's recent Executive Order Number 20-244, which "suspends the collection of fines and penalties associated with COVID-19 enforced upon individuals," moots Plaintiffs' motion for preliminary injunction and any substantive claims in the Amended Complaint. (Doc. 39). Plaintiffs now move for reconsideration because Defendant intends to enforce its mandatory mask order against businesses despite the Executive Order. (Doc. 41 at 2). Plaintiffs thus argue there is a continuing case or controversy pending before this Court and it will be irreparably harmed if the Court does not reset the preliminary injunction hearing for this Friday.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Defendant paints a different picture.  It argues that "the Executive Order fully moots this action with respect to Plaintiff Francis A. Oakes, including Plaintiffs' allegations that Collier County could institute criminal misdemeanor proceedings against him." (Doc. 43 at 2).  For the corporate Plaintiffs, Defendant says no fines have been imposed against them and cannot be imposed until after some future code enforcement hearing.  (Doc. 43 at 2).  Defendant also states, "[n]o further code enforcement citations will be issued against the Plaintiffs' two stores, as doing so would be both meaningless and pointless" under Florida's law on code enforcement proceedings.  Finally, Defendant represents its mask order will expire on October 22 (unless extended) and expiration will moot this suit.

After considering the parties' briefs, record, and applicable law, the Court denies Plaintiffs' motion.  Plaintiffs present no good reason for the Court to rescind its decision, and it must address the potential threshold jurisdictional issue of mootness before examining the merits of Plaintiffs' preliminary injunction motion and Amended Complaint.  The Court thus stands by its Opinion and Order (Doc. 39) and expects the parties to comply with the deadlines therein.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration of Order to Show Cause and Cancellation of Hearing on Motion for Preliminary Injunction (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record