UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS A. OAKES, III, OAKES FARMS, INC. and SEED TO TABLE, LLC,

      Plaintiffs,

v.                                    Case No.: 2:20-cv-568-FtM-38NPM

COLLIER COUNTY,

      Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiffs' Amended Motion for Preliminary Injunction (Doc. 28) and Defendant Collier County's response in opposition (Doc. 37). For the below reasons, the Court denies the motion.

In July 2020, Defendant Collier County passed Emergency/Executive Order 2020-05 ("Order 05") that required employees and patrons of certain businesses to wear face masks. Not long after, a code enforcement officer issued two citations to Plaintiff Seed to Table, LLC for violating Order 05.[2] In response, Plaintiffs filed this suit against Defendant, arguing Order 05 violates

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] A hearing before the special magistrate on either citation has yet to happen.

the federal Constitution and various state and local laws. Plaintiffs also move the Court to immediately enjoin Defendant from enforcing Order 05 until it makes a final determination on the merits. (Doc. 28 at 25). As best the Court can tell, the preliminary injunction motion is based on the following four claims:[3]

- Count 1: Fourteenth Amendment due process void for vagueness
- Count 3: Fourteenth Amendment equal protection
- Count 10: Violation of Florida Statute § 252.46
- Count 11: Violation of Collier County Code of Ordinances Sections 2-36 and 2-41

(Doc. 27).

Since Plaintiffs moved for the preliminary injunction, Defendant superseded and replaced Order 05 with a new order—No. 2020-07 ("Order 07"), effective October 22, 2020. (Doc. 53-1). This new order is narrower than its predecessor. Although certain business must still require employees and patrons to wear face coverings, that requirement applies only "where social distancing is not possible." (Doc. 53-1 at 3). Order 07 also clarifies that only businesses—not individuals—may be cited, and there are no criminal penalties for violating the order. (Doc. 53-1 at 5).

---

[3] Plaintiffs do not identify by count number the causes of action underlying their request for a preliminary injunction.

Because Order 05 has been superseded, this Court need not enjoin Defendant from enforcing it until a decision on the merits is reached. A preliminary injunction is forward looking and designed to maintain the status quo until trial. *See Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011); *cf. Seigel v. LePore,* 234 F.3d 1163, 1180 (11th Cir. 2000) (stating a preliminary injunction is an extraordinary and drastic remedy that courts should grant sparingly). The status quo is now Order 07—not its prior version. What is more, Plaintiffs cannot show irreparable injury without the injunction they have requested—an element required for a preliminary injunction—when Order 05 is now obsolete. By superseding Order 05, Defendant has effectively given Plaintiff the injunctive relief it seeks. For these reasons, the Court denies the amended motion for preliminary injunction.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Amended Motion for Preliminary Injunction (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3