UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS A. OAKES, III, OAKES
FARMS, INC. and SEED TO
TABLE, LLC,

      Plaintiffs,

v.                                     Case No.: 2:20-cv-568-FtM-38NPM

COLLIER COUNTY,

      Defendant.
                                         /

## **OPINION AND ORDER**[1]

Before the Court is Defendant Collier County's Motion to Dismiss the Amended Complaint (Doc. 33) and Plaintiffs Francis Oakes, III, Seed to Table, LLC, and Oakes Farms, Inc.'s response in opposition (Doc. 38). This case is about a mask ordinance and Defendant citing Plaintiff Seed to Table for violating it. Days after the parties briefed the motion to dismiss, Florida Governor Ron DeSantis issued Executive Order Number 20-244 ("Executive Order") that suspends fines and penalties associated with COVID-19 enforcement against individuals. The Court thus directed the parties to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

address whether the Executive Order mooted "any substantive claims in the Amended Complaint." (Doc. 39 at 3). The parties' briefing on that issue is also before the Court. (Doc. 49; Doc. 53; Doc. 58).

## BACKGROUND

In July 2020, Defendant passed Emergency/Executive Order 2020-05 ("Order 05") that required employees and patrons at certain businesses to wear a face mask. (Doc. 27-1). Within weeks, a code enforcement officer twice cited Seed to Table for violating Order 05. (Doc. 49-2 at 2-3). A hearing before a special magistrate on the citations (and any fines/penalties) has yet to happen.

Meanwhile, Plaintiffs brought this federal suit challenging Order 05 as unconstitutional and unenforceable. (Doc. 1; Doc. 27). The Amended Complaint raises fourteen causes of action under federal, state, and local laws:

- Count 1: Fourteenth Amendment – due process (void for vagueness)
- Count 2: Fourteenth Amendment – substantive due process
- Count 3: Fourteenth Amendment – equal protection (as applied and facial)
- Count 4: First Amendment – retaliation
- Count 5: First Amendment – denial of freedom of assembly and association
- Count 6: Fourth Amendment – unlawful search
- Count 7: Florida Constitution Article 1, Section 23 – right to privacy
- Count 8: Florida Constitution Article 1, Section 9 – due process

- Count 9: Violation of Florida Statute § 125.66

- Count 10: Violation of Florida Statute § 252.46

- Count 11: Violation of Collier County Code of Ordinances Sections 2-36 and 2-41

- Count 12: Violation of Florida Statute § 252.38

- Count 13: Violation of Collier County Code Ordinance Sections 2-39 and 38-68

- Count 14: Trespass

(Doc. 27). Defendant now moves to dismiss all counts for jurisdictional and pleading deficiencies. (Doc. 33).

The procedural history behind this case adds another wrinkle. Weeks after Defendant moved to dismiss, the Governor suspended the collection of COVID-19 related fines and penalties. The suspension prompted Defendant to supersede and replace Order 05 with Order No. 2020-07 ("Order 07") on October 22, 2020. (Doc. 53-1). The new order is narrower than its predecessor. Although certain businesses must still require employees and patrons to wear face coverings, that requirement applies only "where social distancing is not possible." (Doc. 53-1 at 3). Order 07 also clarifies that only businesses—not individuals—may be cited. (Doc. 53-1 at 5). Concerned the Executive Order mooted the citations against Seed to Table and negated Defendant's future

enforcement of Order 05, the Court directed the parties to brief its impact on the Amended Complaint. (Doc. 39).

## LEGAL STANDARDS

### A. Mootness

Mootness is a jurisdictional matter. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). The doctrine of mootness derives directly from the case-or-controversy requirement in Article III of the United States Constitution. *Id.* "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful review." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993); *see also Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577, 593-94 (11th Cir. 2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Al Najjar*, 273 F.3d at 1336 ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed" (citations omitted)). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

**B. Motion to Dismiss for Failure to State a Claim**[2]

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failing to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). When deciding motions to dismiss, a court accepts all factual allegations in the complaint as true and views them in a light most favorable to the plaintiff. *Ashcroft*, 556 U.S. at 679.

## DISCUSSION

The Court's request for supplemental briefing posed a simple question: did the Executive Order moot any substantive claims in the Amended

---

[2] Defendant's motion also raises a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1). According to Defendant, "Plaintiffs cannot facially present a violation of the U.S. Constitution with conclusory legal allegations and failure to plead the necessary elements to provide a cause of action as to each alleged violation." (Doc. 33 at 6-7). This argument misses the mark. The Court has federal question jurisdiction over this suit because Plaintiffs make federal constitutional challenges under 42 U.S.C. § 1983. Whether those challenges plead plausible violations is a Rule 12(b)(6) analysis. The Court thus need not address Defendant's jurisdictional arguments.

Complaint? Neither side filed a helpful response. Authority makes almost no appearance, but sweeping statements on constitutional and basic legal principles are plentiful. Animosity also seems to have clouded any objective discussion of the claims. Rather than individually assess each count, the parties give all or nothing arguments. Plaintiffs claim the entire Amended Complaint moves forward because neither the Executive Order nor Order 07 affect it. Defendant says the opposite. It makes a generic assertion that the Executive Order and Order 07 moot the Amended Complaint and leaves the Court without subject matter jurisdiction. After eliminating the rhetoric and ferreting the mess dumped in the Court's lap, the truth lies somewhere in the middle. Thus, the Court will do what the parties should have: a step-by-step analysis to flesh out how this case moves forward.

Step one is deciding whether Order 07 terminated its predecessor. The Court need look no further than Order 07's plain language to know the answer is yes. Order 07 says, "This Order supersedes and replaces Emergency/Executive Orders No. 2020-05 and 2020-06, shall take effect immediately and shall expire midnight of April 13, 2021, unless otherwise extended by the Board." (Doc. 53-1 at 5). Order 07 also says that "the Board wishes to replace the existing Mask Order with this Order[.]" (Doc. 53-1 at 2). This unambiguous language forecloses Plaintiffs' argument that Order 07 is virtually the same as Order 05. What is more, Order 07 is substantively

narrower—and thus different—than Order 05. Unlike before, masks are now required only where social distancing is impossible.

With Order 05 off the books, step two is to decide what counts are mooted. Here lies the middle ground the parties miss. The Court starts with the claims that Executive Order and Order 07 do *not* moot: First Amendment retaliation (Count 4), Fourth Amendment unlawful search (Count 6), and trespass (Count 14). Those claims survive because they look to the past. In other words, they concern what happened when Order 05 was in effect. For example, Count 4 alleges that Defendant cited Seed to Table because its owner, Plaintiff Francis Oakes, is an outspoken opponent of mandatory mask orders. That allegation may hold true regardless if Order 05 has been superseded. The same goes for Counts 6 and 14, which allege Defendant's code enforcement officer entered Seed to Table without a warrant and trespassed when issuing the citations. Seed to Table may have suffered either violation on the dates in question regardless of Order 05's current status. So those counts survive a mootness challenge.

But the same cannot be said for the claims that Defendant violated Florida law and Collier County Code ordinances (Counts 9-13) when it enacted Order 05. In those counts, Plaintiffs challenge the procedures in which Defendant passed Order 05. For example, they allege that Florida law required Order 05 to be passed with 4 of 5 Commissioners voting in its favor,

7

rather than the 3 who did. It also alleges that sufficient public notice was not given before the vote on Order 05. Because Defendant has now superseded Order 05, and thus is not enforcing it, the Court cannot (nor should) give meaningful review on whether it properly passed the law. If the Court did, then it would offer an impermissible advisory opinion. Finally, if Plaintiffs argue Defendant violated the same laws in passing Order 07, that only matters if they amend their pleading with specific factual allegations to support such a claim.

Also mooted are the Fourteenth Amendment due process void for vagueness (Count 1), Fourteenth Amendment substantiative due process (Count 2), and First Amendment denial of freedom of assembly and association (Count 5) causes of action. Again, Order 05 is defunct, so the Court need not void it for vagueness. Nor does it need to provide any review on whether Order 05 invades Plaintiffs' fundamental federal liberties. And Order 05 does not hinder Plaintiffs from assembling and associating. Indeed, Plaintiffs and their patrons can do so now without a mask provided they are socially distanced.

The Florida constitutional challenges also fail under mootness. In Count 7, Plaintiffs allege that Order 05 intrudes on their right to privacy, namely the right to make medical decisions.[3] (Doc. 27 at 45, ¶¶ 228-29). And Count 8

---

[3] As an aside, Plaintiffs offer no supporting law on how a company has a constitutional right of privacy to make medical decisions.

8

alleges that Order 05 violates due process because it is "arbitrary and unreasonable" and "overly vague." (Doc. 27 at 47-48, ¶¶ 241, 243). Again, Order 05 no longer invades on Plaintiffs' right to privacy. Nor is due process violated because Order 05 is an obsolete law. So they too are moot.

Remaining is the Fourteenth Amendment equal protection claim (Count 3), which is trickier and requires a more exacting examination. Plaintiffs bring both an as applied and facial challenge under the Fourteenth Amendment's equal protection clause. The facial challenge is not viable now that Order 07 is the governing law. But the as applied challenge is different.

The equal protection clause requires government entities to treat similarly situated people alike. Equal protection claims are not limited to individuals discriminated against based on their membership in a vulnerable class. Rather, courts have recognized any individual's right to be free from intentional discrimination. *See, e.g.*, *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). This type of equal protection claim is referred to as selective enforcement. To prevail on such a claim, a plaintiff must show (1) it was treated differently from other similarly situated individuals; and (2) the defendant unequally applied a facially neutral law to discriminate against it. *Dibbs v. Hillsborough Cty., Fla.*, 67 F. Supp. 3d 1340, 1354 (M.D. Fla. 2014).

To begin, only Seed to Table has standing to bring an as applied equal protection claim because it was the entity cited for violating Order 05. And

9

Seed to Table's as-applied challenge is not moot because it alleges that Defendant selectively enforced Order 05 when it was the operative law. In other words, Seed to Table's as applied claim is backward looking. So, Order 07 superseding Order 05 does not affect whether the Court can give meaningful review of the live controversy presented in this cause of action.

In short, the Executive Order and Order 07 do not moot four causes of action: Fourteenth Amendment equal protection as applied (Count 3), First Amendment retaliation (Count 4), Fourth Amendment unlawful search (Count 5), and trespass (Count 14). The Court's final step is thus considering whether these counts state plausible causes of action per Defendant's motion to dismiss.

The Court starts with First Amendment retaliation. For this claim, Francis Oakes alleges that Defendant is targeting his businesses for selective enforcement in retaliation for his statements at public meetings against the mask ordinance. (Doc. 27 at 43, ¶ 211).

To state a plausible First Amendment retaliation claim, a plaintiff generally must show that (1) he engaged in constitutionally protected speech; (2) the defendant's retaliatory conduct adversely affected that protected speech; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019) (citation and footnote omitted). Only the third element is at issue. And it "requires a showing that

the defendant's subjective motivation for the adverse action was the plaintiff's protected speech." *Jones v. Robinson*, 665 F. App'x 776, 778 (11th Cir. 2016) (citation omitted).

Defendant argues it cited Seed to Table only because the company did not comply with Order 05. (Doc. 33 at 12). Defendant then offers two conclusory assertions: (1) it did not retaliate or engage in selective enforcement; and (2) it consistently enforced Order 05 throughout Collier County. But none of Defendant's arguments are persuasive because they merely present a factual dispute over Francis Oakes' allegations. At this early stage, the Court takes Francis Oakes' facts as true and views them in a light most favorable to him. Because Defendant gives nothing more, the First Amendment retaliation claim survives dismissal.

As to the Fourth Amendment unlawful search claim (Count 6), Plaintiffs argue a code enforcement officer entered and searched Seed to Table without a warrant and ignored the entrance signs telling Defendant not to enter without a warrant. (Doc. 27 at 44-45). "The Fourth Amendment protects an individual's reasonable expectation of privacy in his place of business, but that expectation is indeed less than . . . a similar expectation in an individual's home." *Fortson v. City of Elberton*, 592 F. App'x 819, 822 (11th Cir. 2014) (citations omitted). On this topic, the Supreme Court has said that an individual's right to privacy in his place of business is not absolute, and "[w]hat

11

is observable by the public is observable, without a warrant, by the Government inspector as well." Marshall v. Barlow's, Inc., 436 U.S. 307, 315 (1978).

Defendant seeks dismissal of the Fourth Amendment claim because "[t]here is no allegation that the Code Inspectors went into any private office within the store, no allegation that the Code Inspectors inspected any books or records, no allegation that Code Inspectors did anything but walk into the store, observed that people were not wearing masks, and issued a citation." (Doc. 33 at 15). The Court agrees. *See* Fortson, 592 F. App'x at 823 ("While mere entry can constitute a search when a business owner has a reasonable expectation of privacy . . . 'a law enforcement officer may enter a commercial premises open to the public and observe what is in plain view.'" (citations omitted)); United States v. Hall, 47 F.3d 1091, 1096 (11th Cir. 1995) ("[A] commercial proprietor has a reasonable expectation of privacy only in those areas where affirmative steps have been taken to exclude the public."). As pled, the Fourth Amendment unlawful search is missing key factual assertions to state a plausible constitutional violation. The Court thus dismisses Count 6 without prejudice.[4]

---

[4] The Court is hard-pressed to see how Plaintiff Oakes Farms has standing to bring a Fourth Amendment challenge to the unlawful search of Seed to Table. The Court cautions that in repleading this claim—and all others for that matter—Plaintiffs should not lump themselves together for each cause of action. Plaintiffs should carefully consider and plead each claim for only that entity who has standing to do so.

The remaining two claims—Fourteenth Amendment equal protection as applied (Count 3) and Florida trespass (Count 14)—require little attention because Defendant provides only conclusory arguments. For example, Defendant does not challenge the pleading sufficiency of the trespass claim under Florida law. Instead, it lumps all the state and local claims together to argue the Court should decline supplemental jurisdiction because the Amended Complaint states no federal claim. Because Defendant makes no argument to dismiss the trespass claim for a pleading deficiency, the Court will not do its work for it. The trespass claim (Count 14) thus moves forward.

Defendant makes an equally incomplete argument on the as applied equal protection count. This time, the motion bundles together the equal protection and substantive due process allegations.[5] (Doc. 33 at 10-11). As best the Court can tell, Defendant argues it had a rational basis to pass Order 05: "public health, safety and welfare of its residents and workers and visitors to Collier County." Defendant then defends why the cities of Naples, Marco Island, and Everglades were exempt from Order 05. But these arguments do not attack Seed to Table's as applied equal protection claim. They go to the facial challenge the Court has ruled to be moot. Because Defendant makes no

---

[5] To the extent Defendant believes the Amended Complaint makes equal protection claims under the Fifth and Fourteenth Amendment, it does not. Plaintiffs only discuss the Fourteenth Amendment, which makes sense because the federal government is not involved to trigger the Fifth Amendment.

pointed argument, Seed to Table's as applied equal protection claim survives dismissal.

In conclusion, three causes of action survive mootness and dismissal: Seed to Farm's Fourteenth Amendment equal protection as applied (Count 3), Francis Oakes' First Amendment retaliation (Count 4), and Seed to Farm's trespass violation (Count 14). All other counts are dismissed as moot or for failure to state a claim. Plaintiffs may file a second amended complaint consistent with this Opinion and Order. If Plaintiffs elect to do so, the Court cautions both sides to forget rhetoric and make sensible claims and arguments anchored by the law, reason, and commonsense.

Accordingly, it is now

**ORDERED:**

(1) These causes of action in the Amended Complaint are **DISMISSED as moot**: Counts 1, 2, 3 (facial only), 5, 7, 8, 9, 10, 11, 12, and 13).

(2) Defendant Collier County's Motion to Dismiss the Amended Complaint (Doc. 33) is **GRANTED in part and DENIED in part.** The Court grants the motion only as to Fourth Amendment unlawful search (Count 6) and otherwise denies it.

14

(3) Plaintiffs may file a Second Amended Complaint consistent with this Opinion and Order on or before **November 24, 2020**. **Failure to do so will cause the Court to close the case.**

**DONE** and **ORDERED** in Fort Myers, Florida this November 10, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record